IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREANA SMITH, ANTONIA ROBLES and CARMEN FLORES, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. ) ) |
| v. | ) 07CV5939 ) JUDGE GUZMAN |
| CREDIT UNION 1, | ) MAG. JUDGE ASHMAN ) ) |
| Defendant. | ) |

### CLASS ACTION COMPLAINT

Andreana Smith ("Smith"), Antonia Robles ("Robles") and Carmen Flores ("Flores") (collectively, "Plaintiffs"), by their attorneys, The Consumer Advocacy Center, P.C., state as follows for their Class Action Complaint against Credit Union 1 ("Defendant").

### The Parties

1. Smith is an Illinois citizen and resides in this district.

2. Robles is an Illinois citizen and resides in this district.

3. Flores is an Illinois citizen and resides in this district.

4. Defendant is an Illinois-chartered credit union, a not-for-profit association, with its principal place of business in Rantoul, Illinois, which has a division known as Caballeros de San Juan.

### Jurisdiction and Venue

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*;

Regulation E, 12 C.F.R. § 205.1 *et seq.*; the Expedited Funds Availability Act, 12 U.S.C. § 4001 *et seq*; and Regulation CC, 12 C.F.R. § 229.1 *et seq.*

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issues occurred in this district, all Plaintiffs reside in this district and Defendant conducts business in this district.

### Statutory/Regulatory Authority

### EFTA

7. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

8. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

9. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

### EFAA

10. The Expedited Funds Availability Act, 12 U.S.C. § 4001 *et seq.* ("EFAA"), and its implementing Regulation CC, 12 C.F.R. § 229.1 *et seq.*, require depository institutions to post a notice at ATMs accepting deposits that deposited funds may not be available for immediate withdrawal.

11. Specifically, 12 U.S.C. § 4004(d)(2) requires that the owner or operator of an ATM at which any funds are received for deposit shall post or provide notice that funds deposited in such machine may not be immediately available for withdrawal.

12. Additionally, 12 C.F.R. § 229.18(c)(1) requires that "[a] depository bank shall post or provide a notice at each ATM location that funds deposited in the ATM may not be available for immediate withdrawal."

## Facts Related To Andreana Smith

13. On July 6, 2007, Smith used automated teller machine ("ATM") number XE0907 ("ATM XE0907"), located at 2725 West Fullerton Avenue, Chicago, IL 60647.

14. On July 6, 2007, Smith was charged a $2.00 fee to withdraw money from ATM XE0907.

15. On July 6, 2007, at the time Smith used ATM XE0907, the notice on the outside of ATM XE0907 stated that consumers would be charged a $1.50 fee for using ATM XE0907.

16. On July 6, 2007, at the time Smith used it, ATM XE0907 did not have a notice advising that funds deposited may not be available for immediate withdrawal.

## Facts Related to Antonia Robles

17. On July 15, 2007, Robles withdrew money from ATM XE0907.

18. On July 15, 2007, Robles was charged a $2.00 fee to withdraw money from ATM XE0907.

19. On July 15, 2007, at the time Robles used ATM XE0907, the notice on the outside of ATM XE0907 stated that consumers would be charged a $1.50 fee for using ATM XE0907.

3

20. On July 15, 2007, at the time Robles used it, ATM XE0907 did not have a notice advising that funds deposited may not be available for immediate withdrawal.

### Facts Related to Carmen Flores

21. On July 22, 2007, Flores withdrew money from ATM XE0907.

22. On July 22, 2007, Flores was charged a $2.00 fee to withdraw money from ATM XE0907.

23. On July 22, 2007, at the time Flores used ATM XE0907, the notice on the outside of ATM XE0907 stated that consumers would be charged a $1.50 fee for using ATM XE0907.

24. On July 22, 2007, at the time Flores used it, ATM XE0907 did not have a notice advising that funds deposited may not be available for immediate withdrawal.

## COUNT I
## VIOLATION OF EFTA AND REGULATION E

25. Plaintiffs incorporate herein by reference paragraphs 1-24.

26. Plaintiffs bring this Count on behalf of themselves and Class A. Class A consists of all persons who (a) were charged a transaction fee for the use of automated teller machine number XE0907, located at Caballeros de San Juan, a division of Credit Union 1, 2725 West Fullerton Avenue, Chicago, Illinois 60647 (b) in an amount different from the transaction fee disclosed on the fee notice posted on the outside of automated teller machine number XE0907.

27. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

28. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to Class A predominate over any questions affecting only individual putative class members, including:

    (a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during that class period that imposed a fee on consumers for providing host transfer services to those consumers; and

    (b) Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

29. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiffs' claims are typical of the claims of the putative class members, including:

    (a) Plaintiffs and all putative class members used an ATM operated by Defendant;

    (b) Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiffs and all putative class members; and

    (c) Defendant illegally imposed a fee on Plaintiffs and all putative class members for their respective use of ATM XE0907.

30. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiffs will fairly and adequately protect the interests of Class A and Plaintiffs have hired counsel able and experienced in class action litigation.

31. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the putative class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

32. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

33. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

34. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class A as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

35. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

36. Defendant was the ATM operator of ATM XE0907 at all times relevant to this action.

37. Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiffs and all putative class members.

38. Defendant disclosed a fee amount on the outside of ATM XE0907 but charged Plaintiffs and all putative class members a different fee amount.

39. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, illegally imposed a fee on Plaintiffs and all putative class members for their respective use of ATM XE0907.

WHEREFORE, Plaintiffs and the putative class members request that this Court enter judgment in their favor and against Credit Union 1 as follows:

A. Awarding Plaintiffs and the putative class members statutory damages as set forth in the EFTA and Regulation E;

B. Awarding Plaintiffs and the putative class members attorneys' fees and costs of suit; and

C. Awarding Plaintiffs and the putative class members such other relief as this Court deems proper.

## COUNT II
## VIOLATION OF EFAA AND REGULATION CC

40. Plaintiffs incorporate herein by reference paragraphs 1-24.

41. Plaintiffs bring this Count on behalf of themselves and Class B. Class B consists of all persons who (a) used automated teller machine number XE0907, located at Caballeros de San Juan, a division of Credit Union 1, 2725 West Fullerton Avenue, Chicago, Illinois 60647 and (b) were not notified by any signage on automated teller machine number XE0907 that any funds deposited into automated teller machine number XE0907 may not be available for immediate withdrawal.

42. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

43. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to the putative class predominate over any questions affecting only individual putative class members, including:

   (a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during that class period that imposed a fee on consumers for providing host transfer services to those consumers;

   (b) Whether, pursuant to 12 U.S.C. § 4001(12) and 12 C.F.R. § 229.2(o), Defendant was a depository bank at all relevant times during the class period that accepted deposits at its ATM; and

   (c) Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 12 U.S.C. §4004(d)(2) and 12 C.F.R. § 229.18(c)(1).

44. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiffs' claims are typical of the claims of the putative class members, including:

   (a) Plaintiffs and all putative class members used an ATM operated by Defendant; and

   (b) Defendant failed to provide notices compliant with 12 U.S.C. §4004(d)(2) and 12 C.F.R. §229.18(c)(1).

45. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiffs will fairly and adequately protect the interests of Class B and Plaintiffs have hired counsel able and experienced in class action litigation.

46. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to Class B predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

47. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

48. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

49. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of Class B as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

50. Pursuant to 12 U.S.C. § 4001(12), Defendant was a depository institution at all times relevant to this action.

51. Pursuant to 12 U.S.C. § 4001(16) and 12 C.F.R. § 229.2(aa), ATM XE0907 was a proprietary ATM of Defendant at all times relevant to this action.

52. Pursuant to 12 C.F.R. § 229.2(e), Defendant was a bank at all times relevant to this action.

53. Pursuant to 12 C.F.R. § 229.2(o), Defendant was a depository bank at all times relevant to this action.

54. ATM XE0907 received funds for deposit all times relevant to this action.

55. Defendant failed to comply with the notice requirements of 12 U.S.C. § 4004(d)(2) and 12 C.F.R. § 229.18(c)(1) when providing ATM services to Plaintiffs and all putative class members.

WHEREFORE, Plaintiffs and the putative class members request that this Court enter judgment in their favor and against Credit Union 1 as follows:

A. Awarding Plaintiffs and the putative class members statutory damages as set forth in the EFAA and Regulation CC;

B. Awarding Plaintiffs and the putative class members attorneys' fees and costs of suit; and

C. Awarding Plaintiffs and the putative class members such other relief as this Courts deems proper.

ANDREANA SMITH, ANTONIA ROBLES
and CARMEN FLORES, Plaintiffs,

By: _____
Lance A. Raphael, One Of Their Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808