

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Andreana Smith, Antonia Robles and Carmen Flores, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Credit Union 1,<br><br>Defendant. | Case No.: 07 C 5939<br><br>Judge Guzman<br><br>Magistrate Judge Ashman |

## FINAL APPROVAL ORDER

This matter coming before the Court on the joint request of the parties for final approval of a Class Action Settlement Agreement and Release ("Agreement"), and the Court having considered the written and oral submissions to date and otherwise being advised in the premises, the Court hereby adopts the Definitions as set forth in the Agreement and

THE COURT FINDS AS FOLLOWS:

1. That Plaintiffs, Andreana Smith and Carmen Flores on behalf of themselves and those persons in Class A and Class B, and Blanca Ortiz, as Executor for the Estate of Antonia Robles, deceased, on behalf of the Estate, and Credit Union 1 entered into the Agreement on May 23, 2008;

2. That the Court has jurisdiction over the subject matter of this Lawsuit, Plaintiffs, the Estate, the Class Members and Credit Union 1;

3. That the total number of Class Members is unknown but the total number of persons in the EFTA class (Class A) is approximately 2003 and the total number of persons in the EFAA class (Class B) is approximately 2707;

4. That the total number of Class Members, including Plaintiffs, that have submitted

2

valid Claim Forms indicating their desire to receive a *pro rata* share of the EFTA Settlement Fund is 5;

5. That the total number of Class Members that have submitted valid Claim Forms indicating their desire to receive a *pro rata* share of the EFAA Settlement Fund is 194;

6. That no Class Members from Class A excluded themselves from the Agreement;

7. That 1 Class Member from Class B excluded herself from the Agreement;

8. That no Class Members objected to the Agreement;

9. That notice to the Class Members was published in Hoy and the Chicago Tribune, Targeted City Zone Section on June 19, 2008;

10. That notice to the Classes was posted on automated teller machine no. XE0907 located at Caballeros de San Juan, a division of Credit Union 1, 2725 West Fullerton Avenue, Chicago, Illinois 60646 from June 19, 2008 to August 5, 2008;

11. That notice to the Classes was posted on www.caclawyers.com.

12. That notice to the EFAA class members (Class B) that were identified from Defendant's records was mailed to 1371 persons, 71 notices were returned as undeliverable and 1 notice was forwarded;

13. That the aforementioned notice, as more fully set forth in the Agreement and in the Preliminary Approval Order was the best practicable notice to the Class Members under the circumstances and fully met the requirements of Fed. R. Civ. P. 23 and any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law; and

14. That the Agreement is fair, reasonable and adequate.

THEREFORE, IT IS HEREBY ORDERED:

A. That the Agreement is approved;

B. That the parties shall implement the Agreement on the terms and on the schedule set forth therein;

C. That, except for the obligations created by the Agreement, Plaintiffs (for themselves and each of their respective current and former heirs, executors, administrators, controlled companies, partners, employees, assigns, agents and attorneys) and the Estate release Credit Union 1 from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorney's fees, costs and liabilities of any kind, whether known or unknown which were brought or which could have been brought in the Lawsuit. Plaintiffs, the Estate, and each Class Member that has not excluded himself/herself from the Classes (for himself/herself and each of his/her respective current and former heirs, executors, administrators, controlled companies, partners, employees, assigns, agents and attorneys), remise, release and forever discharge Credit Union 1 (and each of its current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, managers, shareholders, members, partners, employees, insurers, predecessors, successors, assigns, agents and attorneys)(collectively "Released Parties") and waive all rights against the Released Parties with respect to any and all actions, causes of action, claims, counterclaims, breaches, controversies, demands, damages, expenses, losses, costs, attorneys' fees, court costs, loss of income, loss of value or loss of services of any type whatsoever, known or unknown, past, present or future, whether under foreign or domestic tort or contract law and/or any other foreign or domestic statute, law, regulation, ordinance, certificate of incorporation or by-law relating in any way to the claims made by Plaintiffs and Robles in the Lawsuit or relating in any way to Credit Union 1's alleged failure to provide adequate notice at ATM No. XE0907 located at

Caballeros de San Juan, a division of Credit Union 1, 2725 West Fullerton Avenue, Chicago, Illinois 60646 pursuant to the EFTA or EFAA as alleged in the Lawsuit.

D. That Plaintiffs, the Estate, and each Class Member that did not exclude himself/herself from the Classes are permanently barred and enjoined from instituting or prosecuting any action or proceeding, whether as a class action or individually, against Credit Union 1 for liability relating in any way to Credit Union 1's alleged failure to provide adequate notice of ATM fees and alleged failure to provide notice regarding availability of deposited funds at Credit Union 1 ATM No. XE0907 located at Caballeros de San Juan, a division of Credit Union 1, 2725 West Fullerton Avenue, Chicago, Illinois 60646 prior to the Effective Date;

E. That attorneys' fees and costs of $40,000.00 are awarded to Class Counsel as fair and reasonable, at Plaintiffs' counsel's 2008 hourly rates;

F. That the claims of Plaintiffs, Robles, and the Classes are dismissed with prejudice and without costs, except as provided otherwise in the Agreement; and

G. That the Court retains exclusive jurisdiction to interpret, enforce and implement the Agreement and this Final Approval Order.

ENTERED:

_____
Honorable Martin C. Ashman

Dated: **AUG 19 2008**

4